## REYNOLDS VS. WEISS.

(1.) PATENT—EVIDENCE : *Patent of state land* prima facie *evidence of title in the state. Ch.* 58, *Laws of* 1866.

(2–4.) TAX SALE—REDEMPTION : *Tax sale, in* 1859, *of lands mortgaged to state, void.—Right of state to redeem from tax sale lands mortgaged to it.—Effect of deed to purchaser, after such redemption.*

1. Under ch. 58, Laws of 1866, a patent issued by the commissioners of S. & U. lands, either before or after that law took effect, may be read in evidence for the patentee, without preliminary proof of title in the state; the patent itself being *prima facie* evidence of such title.

2. A sale in 1859 for delinquent taxes of 1858, of land mortgaged to the state in October, 1857, to secure a loan from the school fund, was in violation of sec. 24, ch. 18, R. S., as amended by ch. 170, Laws of 1859; and both the sale and the deed based thereon were void.

3. Under secs. 102, 116, ch. 15, R. S. 1849, the state had a right to redeem from tax sales lands mortgaged for loans from the school fund; and the provisions of ch. 205, Laws of 1859 (requiring the clerk of the county board, or city, to enter upon his records the redemption of such land, and the county or city treasurer to pay the amount due for redemption to the holder of the certificate of sale, etc.) were all sufficient to work a redemption of such lands sold *prior* to the passage of that act, where the right of redemption had not expired before its passage.

4. Where a deed was issued in 1862 upon such a sale, notwithstanding the act of 1859, and possession had thereunder for more than three years, an action to recover the land might still be maintained by the original owner, and the statutory limitation would not apply—the land having been redeemed. Sec. 123, ch. 15, R. S. 1849.

APPEAL from the Circuit Court for *Milwaukee* County.

Ejectment, for part of a lot in the city of Milwaukee. The plaintiff claimed under a patent from the state, executed by the commissioners of school and university lands, in 1870. The defendant held the land as tenant of J. V. V. Platto, who claimed title under tax deeds, and also pleaded the statute of limitation, alleging possession under said tax deeds for more than three years after they were recorded. The plaintiff read his patent in evidence, against an objection that he had not shown title in the state. The patent recited that the land had been mortgaged to the state by James H. Dodge and wife, October 9,

1857, and had been sold July 10, 1868, at a sale of lands mortgaged to the state for loans from the school and university funds, etc.; and it purported to convey "all the right, title, interest and estate which the said James H. Dodge and wife had in and to said tract of land, at the time they mortgaged the said premises to the state, * * * and nothing more." The plaintiff also read in evidence a mortgage of the land to the state, executed by James H. Dodge and wife, October 9, 1857, and recorded in December following; an objection on the ground that no title had been shown in the mortgagors being overruled. Defendant put in evidence (against plaintiff's objection) two tax deeds of the premises, executed by the clerk of the board of supervisors of Milwaukee county, one made in 1862, upon a sale of July 15, 1858, for taxes of 1857; the other upon a sale made in 1859, for taxes of 1858; and both recorded in December, 1862. She also showed that Mr. Platto, who was the grantee named in said deeds, had been in actual possession under them for six years after the recording thereof; and that she was in possession under a lease from Mr. Platto.

The jury, by direction of the court, returned a verdict for the plaintiff; and from a judgment thereon the defendant appealed.

*J. V. V. Platto*, for appellant, contended, among other things, that the provision of ch. 58, Laws of 1866, which declares that the patent issued by the commissioners "shall be *prima facie* evidence of title in fee simple in the grantees named, to the land therein described," should be construed as applying only to patents which purport to pass the whole interest, and not to one like that here in question, which merely conveys the interest which the mortgagors of the land had when they executed their mortgage. 2. That under the sale of 1858, the purchaser acquired a lien upon the land for the repay-

ment of the purchase money, with interest, which could not be defeated by subsequent legislation; and also acquired the right to a deed of the land at the expiration of three years, subject to be defeated only by a redemption made within that period in accordance with laws *existing at the time of such sale.* *Bruce v. Schuyler,* 4 Gilm. 221; *Sprecker v. Wakeley,* 11 Wis. 432; *Hill v. Kricke,* id. 442; *Robinson v. Howe,* 13 id. 341; Laws of 1853, ch. 57, secs. 2–4; Laws of 1854, ch. 66, sec. 1.   3. That the defendant was protected by the statute of limitations.   6 Wis. 527; 11 id. 432, 442; 13 id. 245; 16 id. 470; 17 id. 174; 19 id. 74.

*Jenkins & Elliott,* for respondent, cited Laws of 1859, ch. 205; Laws of 1860, ch. 306; Laws of 1861, ch. 213; Laws of 1862, ch. 195; and argued that any sale of the land in question, for taxes, *after* the passage of said chapter 205, was void; and that the provisions of law referred to constituted a redemption of the premises from the sale of 1858.   To the point that these provisions for redemption were valid as applied to a sale made before the act of 1859, they cited *Knox v. Hundhausen,* 24 Wis. 196. They also argued that if said act were not applicable, the lien of the state upon the land would have the preference to any lien for taxes accruing subsequently to the execution of the mortgage, under sec. 96, ch. 28, R. S.

CoLE, J.   The objection that the court below improperly admitted in evidence the patent of the school land commissioners, would seem to be fully met and disposed of by chapter 58, Laws of 1866.   That statute makes the patent issued by the commissioners, whether before or after that law took effect, *prima facie* evidence that the grantee therein had lawful title in fee simple to the premises therein described at the date thereof, and *prima facie* evidence of all facts therein recited. It was therefore not necessary to show that the title to the premises in question had been acquired by, and

was at the date of the patent vested in, the state, in order to render the instrument admissible in evidence. The patent itself was sufficient evidence of this fact until the contrary was shown.

The defendant below attempted to defeat a recovery in the action upon the strength of two tax deeds offered in evidence, issued to her lessor. One of these deeds was issued on sale of the premises made July 15, 1858, for the taxes of 1857 : and the other upon a sale made April 19, 1859, for the taxes of 1858. Both deeds were executed on the 9th of December, 1862, and recorded the same day. The grantee went into possession of the premises under these deeds, and had remained in possession, by himself and tenants, for five or six years before the trial. It was therefore claimed that the period within which an action could be brought by the former owner for the recovery of lands sold for taxes had determined and expired. And this is the main question in the case.

It would not seem to be necessary to spend any time upon the question as to the validity of the deed given upon the sale of 1859 for the taxes of 1858. Because it appears from the case that on the 9th day of October, 1857, James H. Dodge and wife, who then owned the premises, mortgaged the same to the State of Wisconsin to secure the payment of a loan made from the school fund. Now, by section 24, chap. 18, R. S., as amended by chap. 170, Laws of 1859, the assessors were required, in making out their assessment rolls, to enter upon the rolls in a separate column a list of all school lands in their respective towns which were held upon contract, and also those lands mortgaged to the state. By the 26th section of chap. 24, as amended by this same statute of 1859, the county treasurer was prohibited from selling any such delinquent lands for taxes, but the taxes thereon were to be collected as therein provided. So that the sale made April 19, 1859, for the taxes of 1858, was clearly

unauthorized and void. And of course the tax deed executed on this sale was likewise void, and conveyed no title. The question arising upon the other deed involves a consideration of some other provisions of the statute.

By section 2, chap. 205, Laws of 1859, it was in substance enacted, that no county treasurer, nor the treasurer of any city, should sell any lands for delinquent taxes which might have been mortgaged to the state as security for a loan from the school fund; and it was further enacted that if any such lands so mortgaged should have theretofore been sold, no conveyance should be made thereof in pursuance of the certificate of sale ; but the clerk of the county board, or clerk of the city, was required to enter upon his records the redemption of such lands, and the amount due the holder of the certificate was required to be paid from the treasury of the county, or the treasury of the city, in which the lands were sold. By the next section, the amount paid on account of such redemption was required to be returned by the county treasurer to the state treasurer, and placed to the credit of the county; and if there were no moneys due the state from such county, the state treasurer was authorized and required to pay out of the proper fund the amount so returned, with interest, and charge the same against the lands mortgaged. Now we think the effect of this legislation was to work a redemption of the land from the sale of July 15, 1858. It is true, this law was not in force when the sale took place; but there were general provisions in the Revised Statutes of 1849, which gave the state the right to redeem from the tax sale. Sections 102 and 116, chap. 15. The state, then, had the clear and undoubted right, as mortgagee, to redeem when the sale was made, and the holder of the tax certificate took it subject to this right of redemption. The only effects of chap. 205, so far as this case is concerned, was to point out and direct the manner in which the

state was to exercise this right. It merely directed that the proper clerk should enter upon his records the redemption of the land, and the amount due the holder of the certificate was required to be paid from the treasury of the county, and in the account between the county and the state was placed to the credit of the county. In this way the land was redeemed. It is essentially the same as though the state treasurer had personally redeemed the land by paying the amount due on the certificate to the proper clerk. The holder of the certificate was entitled to go to the county treasurer and draw the amount due him. His rights were not impaired or injuriously affected by this legislation. For, as already remarked, he took the certificate subject to this right of redemption on the part of the state ; and when that right was exercised he received, or was entitled to receive, his money. No change whatever was made, or attempted to be made, in the contract. The holder of the certificate was without doubt entitled to his deed at the end of three years, unless the lands were redeemed. If the lands were redeemed, he was entitled to his money. When chapter 205 went into operation, he could have gone to the county treasurer and received the amount due on the tax certificate. It was made the duty of the treasurer to pay him that amount. It is insisted by the grantee in the tax deed, that he ought not to be compelled to abandon both the money due on the certificate and his right to his tax deed. Of course not. He is entitled to the redemption money, and the plain object of chap. 205 is to provide a ready mode by which he may obtain it. But there has been no change in the conditions of his contract, nor any different terms imposed; since the state had the right to redeem by the existing law the moment the sale was made. This right was exercised, a redemption was made, and there was no longer any authority for executing a tax deed. And this disposes of the question arising upon the statute of

limitations (section 123, chap. 15, R. S. 1849), since that provision expressly excepts cases where the lands have been redeemed as provided by law.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.